UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

RICHARD RAMCHARITAR and
KARLA RAMCHARITAR,

      Plaintiffs,

v.

REVENUE ASSISTANCE
CORPORATION D/B/A REVENUE
GROUP, an Ohio corporation,

      Defendant.
_____/

CASE NO:
**Jury Trial Demanded**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

RICHARD and KARLA RAMCHARITAR (collectively, "Plaintiffs") file suit against REVENUE ASSISTANCE CORPORATION D/B/A REVENUE GROUP ("REVENUE GROUP") and in support alleges:

**NATURE OF ACTION**

1. This is an action for injunctive relief and damages brought by Plaintiffs, Richard and Karla Ramcharitar, individual consumers, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") by REVENUE GROUP. Fundamentally, this case is about REVENUE GROUP's refusal to respect Plaintiffs' personal and legal rights in its attempts to collect an alleged debt owed by a relative.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

3. Venue is proper pursuant to 28 U.S.C. § 1331(b)(2) because the events giving rise to the claims occurred in this district.

## THE PARTIES

4. Plaintiff, Richard Ramcharitar, is a natural person residing in Florida.

5. Plaintiff, Karla Ramcharitar, is a natural person residing in Florida.

6. Defendant, REVENUE GROUP BANK (USA) N.A., is an Ohio Corporation with its principal place of business at 3700 Park East Drive, Suite 240, Beachwood, Ohio 44122.

7. REVENUE GROUP is registered with the Florida Department of State and regularly transacts business in Florida.

8. REVENUE GROUP sought to collect a debt allegedly owed by Mrs. Ramcharitar's brother, Benito Zambrana.

9. Mr. and Mrs. Ramcharitar hired Davis Law Firm to represent them with regard to all claims that their creditors (and creditors of their relatives) may have against them, and to seek relief from the overwhelming volume of debt collection calls that they were receiving from Revenue Group.

## BACKGROUND

10. Between March 3, 2014 and December 5, 2014, REVENUE GROUP placed at least 62 calls to Plaintiffs' cellular telephone (954-282-8101) by using an automatic telephone dialing system or artificial or prerecorded voice in attempt to collect a debt from Mrs. Ramcharitar's brother.

11. ***EGREGIOUS NATURE OF THE VIOLATIONS.*** Exhibit "A" displays the times and dates of at least some of the telephone calls made by REVENUE GROUP to Plaintiffs' cellular telephone (954-282-8101) between March 3, 2014 and December 5, 2014.  In total,

REVENUE GROUP made at least 62 calls to Plaintiffs' cellular phone without their consent.

12. During several of the 62 calls, Mrs. Ramcharitar informed REVENUE GROUP that it had the wrong number, to stop calling, and that she had no knowledge of the debt or her brother's relationship with REVENUE GROUP.

13. Despite the request, REVENUE GROUP continued to call Plaintiffs' cell phone over 60 times.

14. In addition, on October 7, 2014, the undersigned **faxed a cease and desist letter** to REVENUE GROUP notifying the Defendant that the Plaintiffs were represented by an attorney and demanding that they stop contacting the Plaintiffs.[1]

15. The October 7, 2014 letter listed the Plaintiffs' names, cell phone number, and social security numbers for identification and provided, in part:

> **Richard and Karla Ramcharitar are represented by the lawyers of this office with respect to all accounts owned or serviced by your company….**
>
> **Do not contact our clients. Do not give our client's information to anybody else so that the recipient will contact our client instead of this office…. Any prior permission to contact the client's cellular, home or business phone is revoked. Our client disputes your claimed debt.**

16. Despite the unequivocal request from counsel, REVENUE GROUP proceeded to call the Plaintiffs **an additional twenty times**.

17. The October 7, 2014 cease and desist fax confirmation is attached as Exhibit "C."

18. ***REVENUE GROUP LACKED CONSENT.*** Mr. Ramcharitar is the subscriber and both Plaintiffs are regular users of cell phone number 954-282-8101.

19. Plaintiffs are the "called party" as defined by this Circuit in *Osorio v. State Farm*, Case No: 13-10951 (11th Cir. March 28, 2014) and *Soppet v. Enhanced Recovery Co., LLC*, 679

---

[1] Revenue Group's Fax number, 216-763-2152, was obtained from Revenue Group's website. Attached as Exhibit "B" is a screenshot of the homepage of the website listing the fax number.

F.3d 637, 640-41 (9th Cir. 2012).

20. The Plaintiffs did not provide cell phone number 954-282-8101 to REVENUE GROUP in connection with any account.

21. REVENUE GROUP did not have Plaintiffs' consent to call their cellular telephone using automatic dialing equipment or using an artificial or prerecorded voice.

22. In fact, Plaintiffs never consented to any calls from REVENUE GROUP.

23. Mrs. Ramcharitar informed REVENUE GROUP on multiple occasions to stop calling.

24. Mrs. Ramcharitar's brother never listed Plaintiffs' cell phone as an authorized number for REVENUE GROUP to call.

25. Mrs. Ramcharitar's brother never gave REVENUE GROUP permission to call Plaintiffs' cellular phone in regards to his account(s).

26. Mrs. Ramcharitar's brother did not have the authority to consent to calls to Plaintiffs' cell phone on behalf of Plaintiffs.

27. ***PRERECORDED AND AUTOMATED VOICE.*** On March 17, 2014, Plaintiffs received a phone call to their cellular phone from telephone number 216-342-1008, which Mrs. Ramcharitar answered. Upon answering, she received a prerecorded "press one" message, which said:

> **This is not a sales call, please call 1-800-867-5123 for an important message, or press one to speak to a representative now.**

28. In addition, REVENUE GROUP left multiple voicemails on Plaintiffs' cellular telephone that were identical to the message above.

29. As an example, on September 15, 2014 at 4:01 P.M., REVENUE GROUP called from 216-342-1007 and left a voicemail that said:

> **This is not a sales call, please call 1-800-867-5123 for an important message, or press one to speak to a representative now.**

30. The voicemails left in Plaintiffs' cellular telephone's voicemail box were made using a prerecorded or artificial voice.

31. REVENUE GROUP regularly uses the prerecorded or artificial voice message described in paragraph 29 in attempt to collect debts.

32. ***REVENUE GROUP'S PRACTICES.*** Defendant called Plaintiffs' cell phone using the phone numbers 216-342-1007, 216-454-8101, 216-342-1008, 216-342-1010, 216-636-5056, and 216-454-8101.

33. 216-763-2152 is a fax number that is or was in use by REVENUE GROUP or its agents on October 7, 2014.

34. 216-342-1007 is a phone number that is or was used by REVENUE GROUP or its agents.

35. 216-342-1008 is a phone number that is or was used by REVENUE GROUP or its agents.

36. 216-342-1010 is a phone number that is or was used by REVENUE GROUP or its agents.

37. 216-636-5056 is a phone number that is or was used by REVENUE GROUP or its agents.

38. 216-454-8101 is a phone number that is or was used by REVENUE GROUP or its agents.

39. The telephone calls made by REVENUE GROUP were made using an artificial or prerecorded voice.

40. The telephone calls made to Plaintiffs' cellular telephone were made using an

"automatic telephone dialing system," as that term is defined in 47 U.S.C. § 227(a)(1).

41. The telephone calls made to Plaintiffs' cellular telephone were not made for emergency purposes.

42. The telephone calls made to Plaintiffs' cellular telephone were negligently, willfully, and/or knowingly made.

43. REVENUE GROUP has several similar lawsuits against it pending across the country.

44. All conditions precedent to bringing this action have been performed or have been waived.

### COUNT I – VIOLATIONS OF THE TCPA BY REVENUE GROUP

45. Plaintiffs incorporate by reference paragraphs 1 through 44 of this Complaint.

46. REVENUE GROUP negligently, willfully, and knowingly placed non-emergency telephone calls to Plaintiffs' cellular telephone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice to Plaintiffs' cellular telephone without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

47. WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant, REVENUE GROUP for:

   a) Damages; and

   b) Such other or further relief as the Court deems equitable, just, or proper.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

48. Plaintiffs incorporate by reference paragraphs 1 through 44 of this Complaint.

49. By continuing to contact Plaintiffs despite having actual knowledge that Plaintiffs did not consent to the calls and was not the party REVENUE GROUP was seeking to contact, by

calling Plaintiffs 62 times without consent, by using automatic dialing equipment to call Plaintiffs' cellular telephone and leaving automated messages, and by communicating with Plaintiffs in a manner reasonably expected to harass, REVENUE GROUP engaged in conduct that the natural consequence was to harass in violation of Fla. Stat. § 559.72(7).

50. REVENUE GROUP continued to contact Plaintiffs via automatic telephone dialing equipment or a prerecorded or automated voice despite having actual knowledge that Plaintiffs did not owe REVENUE GROUP a debt and did not wish to be contacted directly by REVENUE GROUP, all of which took place even though REVENUE GROUP knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. § 559.72(9).

51. By continuing to contact the Plaintiffs despite having actual knowledge that Plantiffs were represented by an attorney and that Plaintiffs did not wish to be called by REVENUE GROUP, Defendants violated Fla. Stat. § 559.72(18).

52. WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant, REVENUE GROUP for:

a) Actual and statutory damages;

b) Attorney's fees, litigation expenses, and costs of suit;

c) An injunction permanently enjoining the Defendant from engaging in the violative practices;

d) Such other or further relief as the Court deems equitable, just, or proper.

Respectfully Submitted,

**DAVIS LAW FIRM**

*s/TODD M. DAVIS*

**TODD M. DAVIS, ESQ.**
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com

**EXHIBIT "A"**
**CALL LOG FROM REVENUE GROUP**

| Revenue Group Number | Date | Time |
|---|---|---|
| 1.  2163421008 | 3/3/14 | 10:10 a.m. |
| 2.  2163421008 | 3/4/14 | 8:18 a.m. |
| 3.  21634 21008 | 3/17/14 | 9:42 a.m. |
| 4.  2164548101 | 6/20/14 | 8:45 a.m. |
| 5.  216-***-**** | 6/26/14 | 11:17 a.m. |
| 6.  216-***-**** | 6/26/14 | 10:16 a.m. |
| 7.  216-***-**** | 6/26/14 | 10:26 a.m. |
| 8.  2164548101 | 7/5/14 | 11:11 a.m. |
| 9.  216-***-**** | 7/11/14 | 1:53 p.m. |
| 10. 2164548101 | 7/11/14 | 12:24 p.m. |
| 11. 2163421008 | 7/15/14 | 11:45 a.m. |
| 12. 2163421008 | 7/15/14 | 8:19 a.m. |
| 13. 2164548101 | 7/16/14 | 1:37 p.m. |
| 14. 2164548101 | 7/16/14 | 12:30 p.m. |
| 15. 2164548001 | 7/17/14 | 9:10 a.m. |
| 16. 2164548101 | 7/22/14 | 7:13 p.m. |
| 17. 2164548101 | 7/24/14 | 12:15 p.m. |
| 18. 2164548101 | 7/25/14 | 3:02 p.m. |
| 19. 2163421007 | 7/28/14 | 9:16 a.m. |
| 20. 2163421007 | 7/29/14 | 5:06 p.m. |

| | | |
|---|---|---|
| 21. 2163421007 | 8/11/14 | 3:50 p.m. |
| 22. 2163421007 | 8/11/14 | 3:42 p.m. |
| 23. 2163421007 | 8/12/14 | 4:17 p.m. |
| 24. 2163421007 | 8/13/14 | 12:52 p.m. |
| 25. 2163421007 | 8/18/14 | 7:00 p.m. |
| 26. 2163421008 | 8/18/14 | 10:33 a.m. |
| 27. 2163421007 | 8/20/14 | 12:42 p.m. |
| 28. 2163421007 | 8/21/14 | 1:46 p.m. |
| 29. 2163421007 | 8/22/14 | 1:00 p.m. |
| 30. 2163421007 | 8/26/14 | 2:06 p.m. |
| 31. 2163421007 | 8/27/14 | 6:36 p.m. |
| 32. 2163421007 | 9/4/14 | 8:22 a.m. |
| 33. 2163421007 | 9/10/14 | 7:29 p.m. |
| 34. 2163421007 | 9/15/14 | 4:01 p.m. |
| 35. 2163421007 | 9/16/14 | |
| 36. 2163421007 | 9/22/14 | 11:55 a.m. |
| 37. 2166365056 | 9/23/14 | 2:36 p.m. |
| 38. 2163421007 | 9/24/14 | 4:24 p.m. |
| 39. 2163421007 | 9/27/14 | 11:18 a.m. |
| 40. 2163421007 | 9/30/14 | 10:16 a.m. |
| 41. 2163421007 | 10/1/14 | 8:35 a.m. |
| 42. 2163421007 | 10/6/14 | 1:16 p.m. |
| 43. 2163421007 | 10/11/14 | 11:05 a.m. |

| | | |
|---|---|---|
| 44. 2163421007 | 10/14/14 | 9:36 a.m. |
| 45. 2163421007 | 10/17/14 | 8:17 a.m. |
| 46. 2163421007 | 10/20/14 | 11:37 a.m. |
| 47. 2163421007 | 11/2014 | |
| 48. 2163421008 | 11/12/14 | 3:02 p.m. |
| 49. 2163421008 | 11/17/14 | 8:47 a.m. |
| 50. 2163421008 | 11/19/14 | 5:33 p.m. |
| 51. 2163421007 | 11/19/14 | 8:20 a.m. |
| 52. 2163421007 | 11/20/14 | 8:51 a.m. |
| 53. 2163421007 | 11/24/14 | 9:06 a.m. |
| 54. 2163421007 | 11/26/14 | 9:13 a.m. |
| 55. 2163421008 | 11/26/14 | 3:30 p.m. |
| 56. 2163421008 | 11/26/14 | 3:10 p.m. |
| 57. 2163471008 | 11/2014 | 12:57 p.m. |
| 58. 2163421007 | 12/1/14 | 9:42 a.m. |
| 59. 2163421007 | 12/2/14 | 3:47 p.m. |
| 60. 2163421007 | 12/3/14 | 10:48 a.m. |
| 61. 2163421007 | 12/4/14 | 9:47 a.m. |
| 62. 2163421010 | 12/5/14 | 10:13 a.m. |